1/2/6

# IN THE CIRCUIT COURT OF HANCOCK COUNTY, TENNESSEE

ANGELA MISER,
      **Plaintiff,**

v.

MARKEL INTERNATIONAL
INSURANCE COMPANY,
                                   No: C3195

TAPCO UNDERWRITERS INC.

AND

RANDY GREENE, d/b/a
GREENE INSURANCE AGENCY,
      **Defendant.**

## COMPLAINT

Plaintiff sues the Defendants and would show:

1.     Plaintiff, Angela Miser, is a citizen and resident of Hancock County, Tennessee and was the owner of "Cookie's", a restaurant and eating establishment in Sneedville, Hancock County, Tennessee.

2.     Defendant, Markel International Insurance Company is an insurance company with Defendant, Tapco Underwriters, Inc., a corporation incorporated under the State of North Carolina with address at Burlington, NC and doing business in the State of Tennessee in providing fire insurance policies and coverage and subject to the jurisdiction of this court.

3.     That the Defendant, Randy Greene, resides in New Tazewell, Tennessee. That he is the owner and operator of Greene Insurance Agency with offices in Sneedville and New Tazewell, Tennessee.

4.     That the Defendant, Randy Greene, d/b/a Greene Insurance Agency, an agent

DANIEL & DANIEL
ATTORNEYS
P.O. BOX 6
RUTLEDGE, TENNESSEE
37861

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

for co-defendants, insured to the Plaintiff, through Markel International Insurance Company and/or Tapco Underwriters Inc., Burlington NC., policy # TMK010402, contract # 3304942008, dated July 23, 2008 with effective date of July 16, 2008, covering restaurant and premises owned by the Plaintiff, located at 268 Jail Street, Sneedville, Tennessee 37869. Said policy insured said building against loss by fire and other perils from effective date of July 16, 2008.

5.    That the building and restaurant was destroyed by fire on December 8, 2009 of which Defendants have had notice.

6.    That said premises had been insured by the Defendant company through Defendant Greene Insurance Agency for a period exceeding eight (8) years and that said premises and its use was known by Defendant, Randy Greene, over this period of time.

7.    Although Plaintiff has performed all conditions precedent to her right of recovery under said policy of fire insurance, the Defendant company/companies has failed and refused to make payment for the loss.

8.    That failure of Defendant Insurance Company to pay Plaintiff under the terms of said policy is and has been without justification and that the payment has been withheld in bad faith, which has necessitated Plaintiff incurring expenses of attorney and other expenses.

9.    Policy of insurance provided coverage in the amount of $100,000.00 on building and an additional $12,000.00 on income loss.

10.    She avers Defendants are liable in addition to the amount of the policy of insurance and an additional amount of twenty-five (25%) percent of the face amount of the policy pursuant to TCA 56-7-105.

DANIEL & DANIEL
ATTORNEYS
P.O. BOX 5
RUTLEDGE, TENNESSEE
37861

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

11. Plaintiff reserves the right to amend this complaint to confirm with the evidence hereinafter developed.

WHEREFORE, Plaintiff demands judgment against the Defendants, both joint and severally, in the amount of One Hundred Twelve ($ 112,000.00), plus an additional amount equal to twenty-five (25%) percent of the amount of face value of the policy, together with interest and costs.

DANIEL & DANIEL

By: _Creed A. Daniel_ (bpr#688)
Creed A. Daniel (bpr#688)
Attorney for Plaintiff
P.O. Box 6
Rutledge, Tennessee 37861
(865) 828-3111

## COSTS BOND

We secure the costs of the cause.

_Angela Miser_
Principal

_Daniel & Daniel, Attorney_
Surety

DANIEL & DANIEL
ATTORNEYS
P.O. BOX 6
RUTLEDGE, TENNESSEE
37861

This fax was received by GFI FAXmaker fax server. For more information, visit http://www.gfi.com

# IN THE CIRCUIT COURT OF HANCOCK COUNTY, TENNESSEE

ANGELA MISER,

    Plaintiff,

v.                                   No. C3195

MARKEL INTERNATIONAL
INSURANCE COMPANY,

TAPCO UNDERWRITERS, INC.

AND

RANDY GREENE, d/b/a
GREENE INSURANCE AGENCY

    Defendants.

## ANSWER OF RANDY GREENE, D/B/A GREENE INSURANCE AGENCY

Randy Greene, d/b/a Greene Insurance Agency, ("Randy Greene"), for

answer to the portions of the Complaint directed against him says:

1.    Upon information and belief it is admitted that Angela Miser was

the owner of "Cookie's" This defendant is without knowledge or information

sufficient to form a belief as to the truth of the remaining averments of Paragraph

1 of the Complaint.

2.    The averments of Paragraph 2 of the Complaint are not directed

against this defendant.

3.    The averments of Paragraph 3 of the Complaint are admitted.

4.    The averments of Paragraph 4 of the Complaint are denied.

5.    In response to the averments of Paragraph 5 of the Complaint, this defendant, upon information and belief, admits that the subject building and restaurant was damaged by fire and that this defendant became aware of the fire and the fact that plaintiff's building was damaged.  It is denied that the fire occurred on December 8, 2009.  This defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 5, including the averment that the building and restaurant was destroyed by fire.

6.    In response to the averments of Paragraph 6 it is admitted that Randy Greene was aware of the use of the premises but only for approximately four years prior to the fire resulting in damage to the building.  The remaining averments of Paragraph 6 are denied.

7.    Upon information and belief Randy Greene admits that the defendant insurance company has not paid for the losses claimed by plaintiff due to the fire of December 8, 2009, but Randy Greene is without knowledge or information sufficient to form a belief as to the truth of the averment that plaintiff has performed all conditions precedent to her right of recovery.  For further answer to Paragraph 7, Randy Greene says that neither he nor any member of his agency was involved in denying plaintiff's claim due to the fire loss which is the

2

subject of this litigation, nor was Randy Greene or any member of his agency consulted or involved in any way directly or indirectly in influencing a decision to deny the claim or giving advice to any person or entity involved in making a decision regarding payment. Randy Greene is not an insurance company; did not insure the building which was damaged by fire; and has no duty to pay for the loss that is the subject of this litigation.

8.     In response to the averments of Paragraph 8, Randy Greene incorporates as fully and completely as if copied verbatim herein his response contained in Paragraph 7 herein above. In addition, Randy Greene says that he is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 8 because neither he nor any individual in his agency was involved in adjusting or making any decisions regarding the claim for the loss that is the subject of this litigation. Further, Randy Greene says that a claim for failure to pay in bad faith is not available against him or his agency, but is only available as against an insurance company.

9.     In response to the averments of Paragraph 9 of the Complaint, this defendant says that the building which is the subject of this lawsuit was insured in the amount of $70,000.00 with additional coverage of $30,000.00 for business personal property and an additional $12,000.00 coverage for business income.

3

All averments of <u>Paragraph 9</u> of the Complaint inconsistent with this Answer are denied.

10.     In response to the averments of <u>Paragraph 10</u> of the Complaint, Randy Greene denies that he is liable to plaintiff in any amount whatever.

11.     <u>Paragraph 11</u> of the Complaint states a legal conclusion and no response from this defendant is required except to say that Rule 15 of the Tennessee Rules of Civil Procedure governs the rights of plaintiff to amend her Complaint.

12.     Randy Greene hereby denies each and every averment of the Complaint that is not expressly addressed above as fully and completely as if separately and explicitly denied.

## AFFIRMATIVE DEFENSES

13.     The Complaint fails to state a claim against this defendant for which relief may be granted.

14.     This defendant is not a proper party to this suit.

15.     Randy Greene did not obtain, write or place the insurance policy which was in effect at the time of the loss which is the subject of this litigation. The original policy covering the subject property ("Cookie's") was obtained by Tapco upon an application developed with information supplied by plaintiff to

4

Greene Insurance Agency. This defendant is not an agent for the insurance company furnishing coverage and therefore is unable to write or bind coverage through the insurer providing coverage through the applicable policy. The insurance policy in effect at the time of the loss which is the subject of this lawsuit was issued as a result of direct contact of plaintiff by defendant Tapco and this defendant was not involved in the transaction in which the renewed insurance policy, applicable at the time of the loss, was issued.

16. This defendant denies that T.C.A. § 56-7-105 applies to him and further denies that any demand as required by T.C.A. § 56-7-105(a) has been made upon him. Such a written demand is a condition precedent to recovery under said statute.

17. Alternatively, in the event that it is held that Randy Greene is a proper party defendant to this action, Randy Greene relies upon all defenses available pursuant to that policy of insurance issued to cover the subject property, Policy Number TEG002737, Contract Number 3304642008.

18. Upon information it is believed that the denial of payment by the insurer was due to the plaintiff's failure to comply with the policy provisions. In the event that this defendant is determined to be properly subject to this suit, this defendant relies upon any breach of warranties or conditions of the applicable

5

insurance policy as a defense, including but not limited to warranties or conditions regarding use of an automatic fire suppression system.

19.     This defendant reserves the right to amend this Answer to correct any inaccuracies and to add any defenses that are unknown to this defendant at this time. This defendant has not been involved in investigation or any decisions regarding the claimed loss and knows little about the dealings between plaintiff, the insurance company and Tapco.

WHEREFORE, this defendant denies liability to the plaintiff in any amount, denies that the plaintiff is entitled to a judgment against him in any amount or for an additional amount equal to Twenty-Five Percent (25%) of the amount of the face value of the policy or for interest and costs. This defendant prays that this suit be dismissed against him with the costs of the same to be taxed against the plaintiff and further prays that he be awarded such discretionary expenses as are proper pursuant to Rule 54.04 of the Tennessee Rules of Civil Procedure.

Respectfully submitted,

ARNETT, DRAPER & HAGOOD

By: _____
Thomas M. Cole, BPR #001053
Attorneys for Defendant Randy Greene,
d/b/a Greene Insurance Agency

6

ARNETT, DRAPER & HAGOOD
P.O. Box 300
Knoxville, TN 37901-0300
(865) 546-7000 - Phone
(865) 546-0423 - Fax

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of February, 2011, a true and exact copy of the **Answer of Randy Greene, d/b/a Greene Insurance Agency** was served by delivery of the same to the offices of said parties or parties' counsel, or by mailing the same to said offices by United States Mail, with sufficient postage thereon to carry the same to its destination:

> Creed A. Daniel, Esq.
> P.O. Box 6
> Rutledge, TN 37861
>
> Tapco Underwriters, Inc.
> c/o C.T. Corporation, Registered Agent
> 800 S. Gay Street, Suite 2021
> Knoxville, TN 37929
>
> Markel International Insurance Company
> c/o Bill W. McMurry, Circuit Court Clerk
> Hancock County Courthouse
> P.O. Box 347
> Sneedville, TN 37869-0347

This the 22nd day of February, 2011.

ARNETT, DRAPER & HAGOOD

By _____
Thomas M. Cole

7

## IN THE CIRCUIT COURT OF HANCOCK COUNTY, TENNESSEE

**ANGELA MISER,**
    **Plaintiff,**

v.

**ACE EUROPEAN GROUP LIMITED,**

                      **No: C-3195**

**TAPCO UNDERWRITERS INC.,**

**AND**

**RANDY GREENE, d/b/a**
**GREENE INSURANCE AGENCY,**
    **Defendant.**

## AMENDED COMPLAINT

Plaintiff sues the Defendants and would show:

1.    Plaintiff, Angela Miser, is a citizen and resident of Hancock County, Tennessee and was the owner of "Cookie's", a restaurant and eating establishment in Sneedville, Hancock County, Tennessee.

2.    Defendant, Ace European Group Limited at all times material herein was a duly organized charter foreign corporation doing business and issuing insurance in the State of Tennessee. Service of process may be had through Commissioner of Insurance.

3.    Defendant, Tapco Underwriters, Inc., is a corporation incorporated under the State of North Carolina with address at Raleigh, North Carolina and doing business in the State of Tennessee in providing fire insurance policies and coverage and subject to the jurisdiction of this court.

4.    That the Defendant, Randy Greene, resides in New Tazewell, Tennessee. That he is the owner and operator of Greene Insurance Agency with offices in Sneedville and New Tazewell, Tennessee.

5. That the Defendant, Randy Greene, d/b/a Greene Insurance Agency, an agent for co-defendants, insured to the Plaintiff, through Ace European Group Limited Insurance Company and/or Tapco Underwriters Inc., Burlington NC., policy # TMK010402, contract # 3304942008, dated July 23, 2008 with effective date of July 16, 2008, covering restaurant and premises owned by the Plaintiff, located at 268 Jail Street, Sneedville, Tennessee 37869. Said policy insured said building against loss by fire and other perils from effective date of July 16, 2008.

6. That the building and restaurant was destroyed by fire on December 8, 2008 of which Defendants have had notice.

7. That said premises had been insured by the Defendant company through Defendant Greene Insurance Agency for a period exceeding eight (8) years and that said premises and its use was known by Defendant, Randy Greene, over this period of time.

8. Although Plaintiff has performed all conditions precedent to her right of recovery under said policy of fire insurance, the Defendant company/companies has failed and refused to make payment for the loss.

9. That failure of Defendants to pay Plaintiff under the terms of said policies is and has been without justification and that the payment has been withheld in bad faith, which has necessitated Plaintiff incurring expenses of attorney and other expenses.

10. Policy of insurance provided coverage in the amount of $100,000.00 on building and an additional $12,000.00 on income loss.

11. She avers Defendants are liable in addition to the amount of the policy of insurance and an additional amount of twenty-five (25%) percent of the face amount of the

policy pursuant to TCA 56-7-105.

11.    Plaintiff reserves the right to amend this complaint to confirm with the evidence hereinafter developed.

WHEREFORE, Plaintiff demands judgment against the Defendants, both joint and severally, in the amount of One Hundred Twelve ($ 112,000.00), plus an additional amount equal to twenty-five (25%) percent of the amount of face value of the policy, together with interest and costs.

DANIEL & DANIEL

By:   _s/ Creed A. Daniel_
      Creed A. Daniel (bpr#688)
      Attorney for Plaintiff
      P.O. Box 6
      Rutledge, Tennessee 37861
      (865) 828-3111

## COSTS BOND

We secure the costs of the cause.

_s/ Angela Mincey_
Principal

_s/ Daniel & Daniel Attorneys_
Surety

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served upon the following:

Matthew D. Davison, Esq.
Attorney for Markel International
  Insurance Company
BAKER, DONELSON, BEARMAN,
  CARDWELL & BERKOWITZ, P.C.
100 Med Tech Parkway, Suite 200
Johnson City, Tennessee 37602

Nanette L. Wesley, Esq.
Attorney for Ace European Group Limited
COZEN, O'CONNER
Suite 2200 Suntrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3264

Tapco Underwriters, Inc.
C/O CT Corporation Systems
800 S. Gay Street, Suite 2021
Knoxville, TN 37929

Thomas M. Cole, Esq.
Attorney for Randy Greene, d/b/a
  Greene Insurance Agency
ARNETT, DRAPER AND HAGOOD
Suite 2300
First Tennessee Plaza
P.O. Box 300
Knoxville, Tennessee 37929-2300

This ____ day of March, 2011.

_____
Creed A. Daniel, Attorney at Law

## IN THE CIRCUIT COURT OF HANCOCK COUNTY, TENNESSEE

ANGELA MISER,
        Plaintiff,

vs.
                          No: C-3195

MARKEL INTERNATIONAL
                            Original Complaint,
INSURANCE COMPANY,
                            Motion to Amend Complaint
                                          Amended Complaint

TAPCO UNDERWRITERS, INC.

AND

RANDY GREENE, d/b/a
GREENE INSURANCE AGENCY,
            Defendants.

## ALIAS SUMMONS

**TO THE ABOVE NAMED DEFENDANT, TAPCO UNDERWRITERS, INC.,**

You are hereby summoned and required to serve upon Creed A. Daniel, Plaintiff's Attorney, whose address is P.O. Box 6, Rutledge, Tennessee 37861, an answer to the complaint herewith served upon you within thirty (30) days after service of this alias summons and complaint upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this _4th_ day of March, 2011.

_____
Clerk

_____
Deputy Clerk

## NOTICE

TO THE DEFENDANT:

Tennessee law provides a four thousand ($4,000.00) dollar personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

**TO THE PROCESS SERVER:**

Defendant, **Tapco Underwriters, Inc.** can be served through it's registered agent: C T Corporation 800 S. Gay Street, Suite 2021 Knoxville, Tennessee 37929.

## RETURN

I received this summons on the _____ day of _____, 2011.

I hereby certify and return that on the _____ day of _____, 2011, I:

_____ Served this summons and a complaint on defendant _____

_____, in the following manner:

_____

_____ Failed to serve this summons within 30 days after its issuance because:

_____

_____
PROCESS SERVER

## IN THE CIRCUIT COURT FOR HANCOCK COUNTY, TENNESSEE

Angela Miser, )
)
    Plaintiff, )
)
v. )    No. C-3195
)
Markel International Insurance )
Company, Tapco Underwriters, Inc., )
and Randy Greene, d/b/a Greene )
Insurance Agency, )
)
    Defendants. )

### ORDER TO SUBSTITUTE PARTY

Comes the Plaintiff, by and through counsel, and upon motion to substitute the parties, and for good cause shown,

It is therefore Ordered, Adjudged, and Decreed that party Defendant, Markel International Insurance Company, is therefore substituted by Ace European Group Limited, wherein Ace European Group Limited would stand in the place and stead of Markel International Insurance Company. It is additionally ordered that service of process of Ace European Group Limited may be perfected upon its counsel, Nanette L. Wesley, 303 Peachtree Street, N.E., Sun Trust Plaza, Suite 2200, Atlanta, Georgia 30308-3264.

Entered this the 24 day of _____, 2011.

_____
Circuit Court Judge

DANIEL & DANIEL
ATTORNEYS
P.O. BOX 6
RUTLEDGE, TENNESSEE
37861

COPY

FILED
RECEIVED

JUN 08 2011



CIRCUIT SESSIONS CRIMINAL
JUVENILE COURT CLERK

Approved for Entry:

_____
Creed A. Daniel, BPR# 688
P. O. Box 6
Rutledge, Tennessee 37861
(865) 828-3111

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served upon

Matthew Davison, P. O. Box 303B, Johnson City, Tennessee 37602, Thomas Cole, P. O. Box

300, Knoxville, Tennessee 37901, and Nanette Wesley, Suite 2200, Sun Trust Plaza, 303

Peachtree Street, N. E., Atlanta, Georgia 30308  by placing same in the United States Mail,

postage prepaid, this the 8th day of June , 2011.

_____
Creed A. Daniel

FILED
RECEIVED

JUN 08 2011
Bill McMurry
CIRCUIT, SESSIONS, CRIMINAL
JUVENILE COURT CLERK

# IN THE CIRCUIT COURT FOR HANCOCK COUNTY, TENNESSEE

| | | |
|---|---|---|
| Angela Miser, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. C-3195 |
| | ) | |
| Markel International Insurance | ) | |
| Company, Tapco Underwriters, Inc., | ) | |
| and Randy Greene, d/b/a Greene | ) | |
| Insurance Agency, | ) | |
| | ) | |
|     Defendants. | ) | |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT, ACE EUROPEAN GROUP LIMITED:

You are hereby summoned and required to serve upon Creed A. Daniel, Plaintiff's Attorney, whose address is P. O. Box 6, Rutledge, Tennessee 37861, an answer to the Complaint herewith served upon you within thirty (30) days after service of this summons and complaint upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this 8 day of June, 2011.

CLERK

DEPUTY CLERK

## NOTICE

**TO THE DEFENDANT:**

Tennessee law provides a four thousand ($4,000.00) dollar personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

**TO THE PROCESS SERVER:**

Defendant, Ace European Group Limited, can be served at:

c/o Nanette Wesley, Esq.
Suite 2200, Sun Trust Plaza
303 Peachtree Street, N. E.
Atlanta, Georgia 30308

I have received this summons on the _____ day of _____, 2011.

I hereby certify and return that on the _____ day of _____, 2011,

I: ( ) served this summons and a complaint on the defendant, Ace European Group Limtied, in the following manner:

_____
_____
_____

( ) failed to serve this summons within 30 days after its issuance because:

_____
_____
_____

**PROCESS SERVER**

# IN THE CIRCUIT COURT
## OF HANCOCK COUNTY TENNESSEE

| | | |
|---|---|---|
| ANGELA MISER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO.: C3195 |
| ACE EUROPEAN GROUP, LIMITED, | ) | |
| TAPCO UNDERWRITERS, INC., and | ) | |
| RANDY GREENE, d/b/a GREENE | ) | |
| INSURANCE AGENCY | ) | |
| | ) | |
| Defendants. | ) | |

## WAIVER OF SERVICE OF SUMMONS

TO:    ACE European Group, Limited
c/o Cozen O'Connor
Suite 2200 – Sun Trust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3264

Tapco Underwriters, Inc.
c/o Cozen O'Connor
3060 South Church Street
PO Box 286
Burlington, NC 27215

I, the undersigned, on behalf of ACE European Group, Limited ("ACE") and Tapco Underwriters, Inc. ("Tapco") acknowledge receipt of your request that I waive service of a summons in the action of *Angela Miser v. ACE European Group, Limited, Tapco Underwriters, Inc. and Randy Greene, d/b/a Greene Insurance Agency,* which is Civil Action Number C3195 in the Circuit Court of Hancock County, Tennessee. I have also received a copy of the Amended Complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that ACE and Tapco be served with judicial process in the manner provided by Rule 4.

ACE and Tapco will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objects based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after the date of this waiver, September 30, 2011.


Date: July 21, 2011

_Nanette Wesley_
Signature

Printed name: Nanette Wesley

As Attorneys for ACE and Tapco


Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Tennessee Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the Untied States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause by shown for the failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks

2

jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must be within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

3

# IN THE CIRCUIT COURT
## OF HANCOCK COUNTY TENNESSEE

ANGELA MISER,             )
                                 )

       Plaintiff,            )
                                 )

v.                           )
                                 )   CIVIL ACTION NO.: C3195

ACE EUROPEAN GROUP, LIMITED,  )
TAPCO UNDERWRITERS, INC., and   )
RANDY GREENE, d/b/a GREENE     )
INSURANCE AGENCY            )
                                 )

       Defendants.        )

## WAIVER OF SERVICE OF SUMMONS

TO:

### Via U.S. Mail and Facsimile (865.828.5271)
Creed A. Daniel, Esq.
Daniel & Daniel
P.O. Box 6
Rutledge, Tennessee 37861

I, the undersigned, on behalf of ACE European Group, Limited ("ACE") and Tapco Underwriters, Inc. ("Tapco") acknowledge receipt of your request that I waive service of a summons in the action of *Angela Miser v. ACE European Group, Limited, Tapco Underwriters, Inc. and Randy Greene, d/b/a Greene Insurance Agency,* which is Civil Action Number C3195 in the Circuit Court of Hancock County, Tennessee. I have also received a copy of the Amended Complaint in the action and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that ACE and Tapco be served with judicial process in the manner provided by Rule 4.

1

ACE and Tapco will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after the date of this waiver, or by October 10, 2011.

Date: August 9, 2011

_Nanette Wesley/ssf_

Nanette L. Wesley
*Attorneys for ACE European Group,*
*Limited and Tapco Underwriters, Inc.*

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Tennessee Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the Untied States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause by shown for the failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

2

A defendant who waives service must be within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# IN THE CIRCUIT COURT
## OF HANCOCK COUNTY TENNESSEE

ANGELA MISER,                                 )
                                              )
      Plaintiff,                       )
                                              )
v.                                            )
                                              )   **CIVIL ACTION NO.: C3195**
ACE EUROPEAN GROUP                            )
LIMITED, TAPCO                                )
UNDERWRITERS INC., AND RANDY                  )
GREENE, d/b/a GREENE INSURANCE               )
AGENCY,                                       )
                                              )
      Defendants.                      )

## ACE EUROPEAN GROUP LIMITED'S ANSWER
## TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, ACE European Group Limited ("ACE"), and files this, its Answer to Plaintiff's Amended Petition, respectfully showing the Court as follows:

1.

ACE is without sufficient information to admit or deny the allegations set forth in Paragraph No. 1 and therefore denies same. On information and belief, Plaintiff did not own or operate Cookie's.

2.

ACE denies the allegations set forth in Paragraph No. 2 as stated, except Ace European Group Limited may be served through the Commissioner of Insurance. ACE denies the remaining allegations set forth in Paragraph No. 2.

3.

ACE is without sufficient information to admit or deny the allegations set forth in Paragraph No. 3 and therefore denies same.

4.

ACE is without sufficient information to admit or deny the allegations set forth in Paragraph No. 4 and therefore denies same.

5.

ACE denies the allegations set forth in Paragraph No. 5 as stated, and further asserts that the policy at issue is Policy No. TEG002737, effective July 16, 2008 through July 16, 2009, covering Plaintiff's Sneedville, Tennessee restaurant, Cookie's for certain losses subject to the policy ("Policy"). ACE denies that it liable to Plaintiff in any way. ACE denies the remaining allegations set forth in Paragraph No. 5 and states that the Policy speaks for itself.

6.

ACE states that a portion of the allegations in Paragraph No. 6 call for a legal conclusion to which no response is required. To the extent a response may be required, ACE admits that the restaurant at issue sustained a fire loss on December 8, 2009. ACE denies the remaining allegations set forth in Paragraph No. 6 and further denies that it is liable to Plaintiff in any way.

7.

ACE admits that Defendant Greene Insurance Agency is the retail agent associated with the fire loss at issue. ACE admits that it is an insurer of the property at issue for the July 16, 2008 through July 16, 2009 policy period. ACE further denies that it is liable to Plaintiff in any way. ACE is without sufficient information to admit or deny the remainder of the allegations set forth in Paragraph No. 7, including but not limited to those allegations as they may relate to defendants other than ACE, and therefore denies same.

2

8.

The allegations set forth in Paragraph No. 8 call for a legal conclusion to which no response is required. To the extent a response may be required, ACE denies the allegations set forth in Paragraph No. 8.

9.

The allegations set forth in Paragraph No. 9 call for a legal conclusion to which no response is required. To the extent a response may be required, ACE denies the allegations set forth in Paragraph No. 9.

10.

ACE denies the allegations set forth in Paragraph No. 10. By way of further explanation, the Policy contains the following limits: $70,000 (Building); $30,000 (Business Personal Property); and $12,000 (Loss of Income) subject to the Policy's terms, provisions, conditions, and limitations. The Policy speaks for itself.

11.

ACE denies the allegations set forth in Paragraph No. 11.

12.

*(Plaintiff misnumbered his Amended Complaint and there are two Paragraph Nos. 11. To avoid confusion, ACE renumbers the second Paragraph No. 11 as No. 12.)*

ACE denies any liability to Plaintiff.

13.

In response to Plaintiff's unnumbered WHEREFORE paragraph, ACE denies that it is liable to Plaintiff in any way and further denies that Plaintiff is entitled to any relief whatsoever.

14.

Any allegation not heretofore admitted or denied is denied.

3

15.

ACE prays that the Court dismiss the claims against ACE and grant any other further relief the Court deems appropriate.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim for which relief can be granted. Therefore, the Amended Complaint should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

This lawsuit is barred by the Policy's two year limitation period, which states in part:

No one may bring a legal action against us under this Coverage Part unless...The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff did not meet conditions precedent or subsequent as required under the Policy, including but not limited to those set forth in the Policy's Protective Safeguards Endorsement, providing in relevant part as follows:

> In consideration of the terms and conditions of this policy, it is hereby warranted that an approved, automatic, fire suppression system **shall** be maintained over **all** cooking surfaces, at all times for the term of this policy. **Failure to maintain such a fire suppression system will result in suspension of coverage under this policy** until such time as compliance with the above condition is resumed. All other terms and conditions remain unchanged.

*** 

**PROTECTIVE SAFEGUARDS**
**a.** **As a condition of this insurance, you are required to maintain the protective devices or services listed in the Schedule above.**

4

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's loss is the responsibility of a third-party lessee and tenant at the property at issue in this litigation, unrelated to ACE.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's bad faith claim is barred as a matter of law, as Plaintiff never made a proper pre-suit demand required for bad faith recovery under T.C.A. § 56-7-105.

## SIXTH AFFIRMATIVE DEFENSE

There is no joint or several liability under applicable law, and, therefore, ACE can not be held jointly or severally liable.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited to the extent her claims are not compliant with the Coinsurance requirements of the Policy.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff did not meet conditions precedent or subsequent as required under the Policy.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent she failed to mitigate her own damages, failed to give proper notice of the loss, and failed to cooperate.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by waiver and estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

ACE reserves the right to assert additional Affirmative Defenses based upon the facts as they are developed or disclosed during the course of the investigation and discovery.

5

Respectfully submitted, this 10th day of October 2011.

_Nanette L. Wesley_ by perm. /RS
Nanette L. Wesley, Esquire
Tennessee Bar No. 19197
**COZEN O'CONNOR**
Sun Trust Plaza
303 Peachtree Street N.E.
Suite 2200
Atlanta, GA 30308
(404) 572-2000 (phone)
(404) 572-2199 (fax)
Email: nwesley@cozen.com

Renee Levay Stewart
Tennessee Bar No. 018768
**NORTH, PURSELL, RAMOS & JAMESON, PLC**
414 Union Street
Bank of America Plaza, Suite 1850
Nashville, TN 37219
(615) 255-2555
(615) 255-0032 (fax)
Email: rlstewart@nprjlaw.com

_Attorneys for Tapco Underwriters Inc. and ACE European Group Limited_

6

ANGELA MISER,            )
                           )
        Plaintiff,       )
                           )
v.                           )
                           )   **CIVIL ACTION NO.: C3195**
ACE EUROPEAN GROUP   )
LIMITED, TAPCO
UNDERWRITERS INC., AND RANDY   )
GREENE, d/b/a GREENE INSURANCE   )
AGENCY,                 )
                           )
        Defendants.     )

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed and served counsel for all parties in this action

with a copy of the foregoing **ANSWER OF DEFENDANTS ACE EUROPEAN GROUP**

**LIMITED'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** by facsimile and by

overnight delivery, properly addressed as follows:

**Counsel for Plaintiff Angela Miser:**
Creed A. Daniel, Esq.
Daniel & Daniel
P.O. Box 6
Rutledge, TN 37861

**Counsel for Defendant Randy Greene, d/b/a
Green Insurance Agency**
Thomas M. Cole, Esq.
Arnett, Draper and Hagood
Suite 2300, First Tennessee Plaza
P.O. Box 300
Knoxville, TN 37929-2300

This 10th day of October 2011.

Nanette L. Wesley By pm/RLS

Nanette L. Wesley, Esquire
Tennessee Bar No. 19197
**COZEN O'CONNOR**
Sun Trust Plaza
303 Peachtree Street N.E., Suite 2200
Atlanta, GA 30308
(404) 572-2000 (phone)
(404) 572-2199 (fax)
Email: nwesley@cozen.com
*Attorney for ACE European Group Limited and*
*Tapco Underwriters, Inc.*

7

## ✱✱ Transmit Confirmation Report ✱✱

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 14236367506 | Normal | 10,03:04pm | 1'04" | 8 | # O K | |



### TENNESSEE COURTS
### UNIFORM FACSIMILE FILING COVER SHEET

TO (COURT CLERK): Hancock County Circuit Court

WITH (COURT): Hon. Thomas J. Wright

CLERK'S FAX NUMBER: (423) 733-2119

CASE NAME: Miser v. Ace European Group, Ltd., et al.

DOCKET NUMBER: C3195

TITLE OF DOCUMENT: Answer of Ace European Group, Ltd

FROM (SENDER): Jeff Williams/Renee Stewart

SENDER'S ADDRESS: 414 Union Street, Suite 1850, Nashville, TN 37219

SENDER'S VOICE TELEPHONE NUMBER: (615) 255-2555

SENDER'S FAX TELEPHONE NUMBER: (615) 255-0032

DATE: 10-10-11 TOTAL PAGES, INCLUDING COVER PAGE: _8_

FILING INSTRUCTIONS/COMMENTS (attach additional sheet if necessary):

    Unless authorized by the Court, a facsimile transmission exceeding ten (10) pages, including the cover page, shall not be filed by the clerk.

CC: Hon. Thomas J. Wright (via facsimile: 423-636-7506)

# IN THE CIRCUIT COURT
## OF HANCOCK COUNTY TENNESSEE

| | | |
|---|---|---|
| ANGELA MISER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO.: C3195 |
| ACE EUROPEAN GROUP | ) | |
| LIMITED, TAPCO | ) | |
| UNDERWRITERS INC., AND RANDY | ) | |
| GREENE, d/b/a GREENE INSURANCE | ) | |
| AGENCY, | ) | |
| | ) | |
| Defendants. | ) | |

## TAPCO UNDERWRITERS, INC.'S ANSWER
## TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, Tapco Underwriters, Inc. ("Tapco"), and files this, its Answer to

Plaintiff's Amended Petition, respectfully showing the Court as follows:

1.

Tapco is without sufficient information to admit or deny the allegations set forth in

Paragraph No. 1 and therefore denies same. On information and belief, Plaintiff did not own or

operate Cookie's.

2.

Tapco denies the allegations set forth in Paragraph No. 2 as stated, except Ace European

Group Limited may be served through the Commissioner of Insurance. Tapco denies the

remaining allegations set forth in Paragraph No. 2.

3.

Tapco admits that it is a North Carolina corporation but denies the remaining allegations

set forth in Paragraph No. 3.

4.

Tapco is without sufficient information to admit or deny the allegations set forth in Paragraph No. 4 and therefore denies same.

5.

Tapco admits that the policy at issue is Policy No. TEG002737, effective July 16, 2008 through July 16, 2009, covering Plaintiff's Sneedville, Tennessee restaurant, Cookie's for certain losses subject to the policy ("Policy"). Tapco denies that it is an insurer or in privity of contract with Plaintiff in any way and thus further denies that it is liable to Plaintiff in any way. Tapco denies the remaining allegations set forth in Paragraph No. 5 and states that the Policy speaks for itself.

6.

Tapco states that a portion of the allegations in Paragraph No. 6 call for a legal conclusion to which no response is required. To the extent a response may be required, Tapco admits that the restaurant at issue sustained a fire loss on December 8, 2009. Tapco denies the remaining allegations set forth in Paragraph No. 6 and further denies that it is liable to Plaintiff in any way.

7.

Tapco admits that Defendant Greene Insurance Agency is the retail agent associated with the fire loss at issue. Tapco denies that it is an insurer, or that it insured the property at issue. Tapco further states that it is not and never has been in privity of contract with Plaintiff and therefore is not liable to Plaintiff in any way. Given Tapco's lack of privity of contract with Plaintiff and that Tapco is not an insurer, Tapco does not have a duty to make a loss payment to Plaintiff. Tapco is without sufficient information to admit or deny the remainder of the

2

allegations set forth in Paragraph No. 7, including but not limited to those allegations as they may relate to defendants other than Tapco, and therefore denies same.

8.

The allegations set forth in Paragraph No. 8 call for a legal conclusion to which no response is required. To the extent a response may be required, Tapco denies the allegations set forth in Paragraph No. 8. Tapco further states that it is not and never has been in privity of contract with Plaintiff and therefore is not liable to Plaintiff in any way. Given Tapco's lack of privity of contract with Plaintiff and that Tapco is not an insurer, Tapco does not have a duty to make a loss payment to Plaintiff.

9.

The allegations set forth in Paragraph No. 9 call for a legal conclusion to which no response is required. To the extent a response may be required, Tapco denies the allegations set forth in Paragraph No. 9. Tapco further states that it is not and never has been in privity of contract with Plaintiff and therefore is not liable to Plaintiff in any way. Given Tapco's lack of privity of contract with Plaintiff and that Tapco is not an insurer, Tapco does not have a duty to make a loss payment to Plaintiff. Tapco further states that as a non-insurer, it cannot be liable to Plaintiff for any alleged bad faith.

10.

Tapco denies the allegations set forth in Paragraph No. 10. By way of further explanation, the Policy contains the following limits: $70,000 (Building); $30,000 (Business Personal Property); and $12,000 (Loss of Income) subject to the Policy's terms, provisions, conditions, and limitations. The Policy speaks for itself.

3

## 11.

Tapco states that it is not and never has been in privity of contract with Plaintiff and therefore is not liable to Plaintiff in any way. Given Tapco's lack of privity of contract with Plaintiff and that Tapco is not an insurer, Tapco does not have a duty to make a loss payment to Plaintiff. Tapco further denies the allegations set forth in Paragraph No. 11. Tapco further states that as a non-insurer, it cannot be liable to Plaintiff for any alleged bad faith.

## 12.

*(Plaintiff misnumbered his Amended Complaint and there are two Paragraph Nos. 11. To avoid confusion, Tapco renumbers the second Paragraph No. 11 as No. 12.)*

Tapco states that it is not and never has been in privity of contract with Plaintiff and therefore is not liable to Plaintiff in any way. Given Tapco's lack of privity of contract with Plaintiff and that Tapco is not an insurer, Tapco does not have a duty to make a loss payment to Plaintiff.

## 13.

In response to Plaintiff's unnumbered WHEREFORE paragraph, Tapco denies that it is liable to Plaintiff in any way and further denies that Plaintiff is entitled to any relief whatsoever. Tapco further states that it is not and never has been in privity of contract with Plaintiff and therefore is not liable to Plaintiff in any way. Given Tapco's lack of privity of contract with Plaintiff and that Tapco is not an insurer, Tapco does not have a duty to make a loss payment to Plaintiff.

## 14.

Any allegation not heretofore admitted or denied is denied.

4

15.

Tapco prays that the Court dismiss the claims against Tapco and grant any other further relief the Court deems appropriate.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim for which relief can be granted. Therefore, the Amended Complaint should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

Tapco is an improper defendant in this lawsuit, as it is not and has never been in contractual privity with Plaintiff and is not liable to Plaintiff in any way. In addition, Tapco does not owe a duty to Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

This lawsuit is barred by the Policy's two year limitation period, which states in part:

No one may bring a legal action against us under this Coverage Part unless…The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff did not meet conditions precedent or subsequent as required under the Policy, including but not limited to those set forth in the Policy's Protective Safeguards Endorsement, providing in part as follows:

In consideration of the terms and conditions of this policy, it is hereby warranted that an approved, automatic, fire suppression system **shall be maintained over all cooking surfaces, at all times for the term of this policy. Failure to maintain such a fire suppression system will result in suspension of coverage under this policy** until such time as compliance with the above condition is resumed. All other terms and conditions remain unchanged.

\*\*\*

## PROTECTIVE SAFEGUARDS

5

a. **As a condition of this insurance, you are required to maintain the protective devices or services listed in the Schedule above…**

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's loss is the responsibility of a third-party lessee and tenant at the property at issue in this litigation, unrelated to Tapco and Underwriters.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's bad faith claim is barred as a matter of law, as Plaintiff never made a proper pre-suit demand required for bad faith recovery under T.C.A. § 56-7-105, and because as a non-insurer Tapco cannot be liable for bad faith to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

There is no joint or several liability under applicable law, and, therefore, Tapco can not be held jointly or severally liable.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited to the extent her claims are not compliant with the Coinsurance requirements of the Policy.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff did not meet conditions precedent or subsequent as required under the Policy.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent she failed to mitigate her own damages, failed to give proper notice of the loss, and failed to cooperate.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are bared by waiver and estoppel.

6

## TWELFTH AFFIRMATIVE DEFENSE

Tapco reserves the right to assert additional Affirmative Defenses based upon the facts as they are developed or disclosed during the course of the investigation and discovery.

Respectfully submitted, this 10th day of October 2011.

Nanette L. Wesley, by pam/rls          Renee L. Stewart

Nanette L. Wesley, Esquire          Renee Levay Stewart
Tennessee Bar No. 19197          Tennessee Bar No. 018768
**COZEN O'CONNOR**          **NORTH, PURSELL, RAMOS &**
Sun Trust Plaza          **JAMESON, PLC**
303 Peachtree Street N.E.          414 Union Street
Suite 2200          Bank of America Plaza, Suite 1850
Atlanta, GA 30308          Nashville, TN 37219
(404) 572-2000 (phone)          (615) 255-2555
(404) 572-2199 (fax)          (615) 255-0032 (fax)
Email: nwesley@cozen.com          Email: rlstewart@nprjlaw.com

*Attorneys for Tapco Underwriters Inc. and ACE European Group Limited*

7

## IN THE CIRCUIT COURT
## OF HANCOCK COUNTY TENNESSEE

ANGELA MISER,                                    )
                                                 )
      Plaintiff,    )
                                                 )
v.                                               )
                                                 )   CIVIL ACTION NO.: C3195
ACE EUROPEAN GROUP                               )
LIMITED, TAPCO                                   )
UNDERWRITERS INC., AND RANDY                     )
GREENE, d/b/a GREENE INSURANCE                   )
AGENCY,                                          )
                                                 )
      Defendants.   )

### CERTIFICATE OF SERVICE

This is to certify that I have this day filed and served counsel for all parties in this action

with a copy of the foregoing **ANSWER OF DEFENDANT TAPCO UNDERWRITERS, INC.**

**TO PLAINTIFF'S AMENDED COMPLAINT** by depositing a copy of the same by facsimile

and by overnight delivery, properly addressed as follows:

| | |
|---|---|
| **Counsel for Plaintiff Angela Miser:** | **Counsel for Defendant Randy Greene, d/b/a** |
| Creed A. Daniel, Esq. | **Green Insurance Agency** |
| Daniel & Daniel | Thomas M. Cole, Esq. |
| P.O. Box 6 | Arnett, Draper and Hagood |
| Rutledge, TN 37861 | Suite 2300, First Tennessee Plaza |
| | P.O. Box 300 |
| | Knoxville, TN 37929-2300 |

This 10th day of October 2011.

*Nanette C. Wesley by perm/RS*

Nanette L. Wesley, Esquire
Tennessee Bar No. 19197
**COZEN O'CONNOR**
Sun Trust Plaza
303 Peachtree Street N.E., Suite 2200
Atlanta, GA 30308
(404) 572-2000 (phone)
(404) 572-2199 (fax)
Email: nwesley@cozen.com
*Attorney for Tapco Underwriters, Inc. and ACE
European Group Limited*

8

# ** Transmit Confirmation Report **

P.1                                          Oct 10 2011 02:47pm

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 14237332119 | Normal | 10,02:44pm | 2'56" | 8 | O K | BrdCast |
| 14236367506 | Normal | 10,02:43pm | 0'43" | 0 | T.1.1 | BrdCast |
| ↑ Transmission failed | | | Send the document(s) from page  1 | | | |



TENNESSEE COURTS
UNIFORM FACSIMILE FILING COVER SHEET

TO (COURT CLERK): Hancock County Circuit Court

WITH (COURT): Hon. Thomas J. Wright

CLERK'S FAX NUMBER: (423) 733-2119

CASE NAME: Miser v. Ace European Group, Ltd., et al.

DOCKET NUMBER: C3195

TITLE OF DOCUMENT: Answer of Ace European Group, Ltd

FROM (SENDER): Jeff Williams/Renee Stewart

SENDER'S ADDRESS: 414 Union Street, Suite 1850, Nashville, TN 37219

SENDER'S VOICE TELEPHONE NUMBER: (615) 255-2555

SENDER'S FAX TELEPHONE NUMBER: (615) 255-0032

DATE: 10-10-11 TOTAL PAGES, INCLUDING COVER PAGE:  8

FILING INSTRUCTIONS/COMMENTS (attach additional sheet if necessary):

Unless authorized by the Court, a facsimile transmission exceeding ten (10) pages,
including the cover page, shall not be filed by the clerk.

CC: Hon. Thomas J. Wright (via facsimile: 423-636-7506)

# ** Transmit Confirmation Report **

Oct 10 2011 03:00pm

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 14237332119 | Normal | 10,02:52pm | 3'24" | 9 | O K | BrdCast |
| 14236367506 | Normal | 10,02:56pm | 4'02" | 9 | O K | BrdCast |



**TENNESSEE COURTS**
**UNIFORM FACSIMILE FILING COVER SHEET**

TO (COURT CLERK): Hancock County Circuit Court

WITH (COURT): Hon. Thomas J. Wright

CLERK'S FAX NUMBER: (423) 733-2119

CASE NAME: Miser v. Tapco Underwriters, Inc., et al.

DOCKET NUMBER: C3195

TITLE OF DOCUMENT: Answer of Tapco Underwriters, Inc., et al.

FROM (SENDER): Jeff Williams/Renee Stewart

SENDER'S ADDRESS: 414 Union Street, Suite 1850, Nashville, TN 37219

SENDER'S VOICE TELEPHONE NUMBER: (615) 255-2555

SENDER'S FAX TELEPHONE NUMBER: (615) 255-0032

DATE: 10-10-11 TOTAL PAGES, INCLUDING COVER PAGE: _9_

FILING INSTRUCTIONS/COMMENTS (attach additional sheet if necessary):

> Unless authorized by the Court, a facsimile transmission exceeding ten (10) pages, including the cover page, shall not be filed by the clerk.

CC: Hon. Thomas J. Wright (via facsimile: 423-636-7506)

# IN THE CIRCUIT COURT OF HANCOCK COUNTY, TENNESSEE

ANGELA MISER,

     Plaintiff,

v.                                  No. C3195

ACE EUROPEAN GROUP LIMITED,
TAPCO UNDERWRITERS, INC.

AND

RANDY GREENE, d/b/a
GREENE INSURANCE AGENCY

     Defendants.

## SECOND AMENDED ANSWER OF RANDY GREENE, D/B/A GREENE INSURANCE AGENCY

Randy Greene, d/b/a Greene Insurance Agency, ("Randy Greene"), for answer to the portions of the Complaint directed against him says:

1.     Upon information and belief it is admitted that Angela Miser was the owner of "Cookie's"  This defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 1 of the  Complaint.

2.     The averments of Paragraph 2 of the Complaint are not directed against this defendant.

3.     The averments of Paragraph 3 of the Complaint are admitted.

4.     The averments of Paragraph 4 of the Complaint are denied.

5.      In response to the averments of <u>Paragraph 5</u> of the Complaint, this defendant, upon information and belief, admits that the subject building and restaurant was damaged by fire and that this defendant became aware of the fire and the fact that plaintiff's building was damaged. It is denied that the fire occurred on December 8, 2009. This defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of <u>Paragraph 5</u>, including the averment that the building and restaurant was destroyed by fire.

6.      In response to the averments of <u>Paragraph 6</u> it is admitted that Randy Greene was aware of the use of the premises but only for approximately four years prior to the fire resulting in damage to the building. The remaining averments of <u>Paragraph 6</u> are denied.

7.      Upon information and belief Randy Greene admits that the defendant insurance company has not paid for the losses claimed by plaintiff due to the fire of December 8, 2009, but Randy Greene is without knowledge or information sufficient to form a belief as to the truth of the averment that plaintiff has performed all conditions precedent to her right of recovery. For further answer to <u>Paragraph 7</u>, Randy Greene says that neither he nor any member of his agency was involved in denying plaintiff's claim due to the fire loss which is the

2

subject of this litigation, nor was Randy Greene or any member of his agency consulted or involved in any way directly or indirectly in influencing a decision to deny the claim or giving advice to any person or entity involved in making a decision regarding payment. Randy Greene is not an insurance company; did not insure the building which was damaged by fire; and has no duty to pay for the loss that is the subject of this litigation.

8.     In response to the averments of Paragraph 8, Randy Greene incorporates as fully and completely as if copied verbatim herein his response contained in Paragraph 7 herein above. In addition, Randy Greene says that he is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 8 because neither he nor any individual in his agency was involved in adjusting or making any decisions regarding the claim for the loss that is the subject of this litigation. Further, Randy Greene says that a claim for failure to pay in bad faith is not available against him or his agency, but is only available as against an insurance company.

9.     In response to the averments of Paragraph 9 of the Complaint, this defendant says that the building which is the subject of this lawsuit was insured in the amount of $70,000.00 with additional coverage of $30,000.00 for business personal property and an additional $12,000.00 coverage for business income.

3

All averments of <u>Paragraph 9</u> of the Complaint inconsistent with this Answer are denied.

10.     In response to the averments of <u>Paragraph 10</u> of the Complaint, Randy Greene denies that he is liable to plaintiff in any amount whatever.

11.     <u>Paragraph 11</u> of the Complaint states a legal conclusion and no response from this defendant is required except to say that Rule 15 of the Tennessee Rules of Civil Procedure governs the rights of plaintiff to amend her Complaint.

12.     Randy Greene hereby denies each and every averment of the Complaint that is not expressly addressed above as fully and completely as if separately and explicitly denied.

## AFFIRMATIVE DEFENSES

13.     The Complaint fails to state a claim against this defendant for which relief may be granted.

14.     This defendant is not a proper party to this suit.

15.     Randy Greene, d/b/a Greene Insurance Agency is not the insurance company providing coverage for the property which suffered damage by fire. The insurance policy providing casualty coverage for the subject property, "Cookie's", was obtained by Tapco.  The insurer with whom Tapco placed the

4

subject coverage is Ace European Group Limited. This defendant is unable to write or bind coverage with Ace European Group Limited and must submit applications for insurance coverage with such a company to an insurance broker or underwriter such as Tapco Underwriters, Inc. This defendant did not select the insurer, bind the coverage, investigate the fire loss, deny payment for the fire loss, or participate in any way whatsoever in any decision to deny payment to plaintiff for the damage to the subject building due to the fire. Accordingly, in the event that there has been a wrongful failure to pay the plaintiff or a wrongful denial of plaintiff's claim due to the subject fire loss, this defendant played no role in the wrongful failure to pay or denial of the claim. Instead, either Tapco or the insurer, Ace European Group, Limited are responsible for any wrongful failure to pay or denial of the subject claim.

16. This defendant denies that T.C.A. § 56-7-105 applies to him and further denies that any demand as required by T.C.A. § 56-7-105(a) has been made upon him. Such a written demand is a condition precedent to recovery under said statute.

17. Alternatively, in the event that it is held that Randy Greene is a proper party defendant to this action, Randy Greene relies upon all defenses available pursuant to that policy of insurance issued to cover the subject

5

property, Policy Number TEG002737, Contract Number 3304642008.

18.     Upon information it is believed that the denial of payment by the insurer was due to the plaintiff's failure to comply with the policy provisions.  In the event that this defendant is determined to be properly subject to this suit, this defendant relies upon any breach of warranties or conditions of the applicable insurance policy as a defense, including but not limited to warranties or conditions regarding use of an automatic fire suppression system.

19.     This defendant reserves the right to amend this Answer to correct any inaccuracies and to add any defenses that are unknown to this defendant at this time.  This defendant has not been involved in investigation or any decisions regarding the claimed loss and knows little about the dealings between plaintiff, the insurance company and Tapco.

20.     In addition, Greene hereby pleads the doctrine of sole cause in fact and comparative fault as affirmative defenses.  In support of these defenses Greene avers that on October 31, 2008, the Plaintiff, Angela Miser, entered into a Lease Agreement with Option to Purchase with Tammy G. Swiney.  Pursuant to said agreement Tammy G. Swiney leased the building which is the subject of this suit and thereafter began operating the restaurant known as "Cookie's" in said premises.  In pertinent part the written lease between the plaintiff Angela Miser and Tammy Swiney stated as follows:

6

> The leasee shall, at their expense, obtain and keep in force during the term of this lease, a fire or casualty insurance policy on the leased premises. The lessee shall not use or permit upon the Leased Premises anything that will invalidate any insurance policy now or hereafter in effect on the Leased Premises.

Tammy Swiney did not obtain and keep in force a fire casualty insurance policy as provided in the Lease Agreement. Moreover, Tammy Swiney personally, or through her employees for whom she is responsible pursuant to the doctrine of *respondeat superior,* operated a deep fat fryer which was not underneath an automatic fire suppression system. This conduct on the part of Tammy Swiney and/or her employees and agents, according to defendant Ace European Group, invalidated the policy of fire insurance purchased by Angela Miser and was solely and directly the cause of Ace European Group's refusal to pay for the fire loss which is the subject of this litigation. As such, the conduct of Tammy Swiney and/or her employees for whom she is responsible was in violation of the Lease Agreement and was the sole cause in fact of the fire and the refusal of the insurer to pay for the fire damage. Alternatively, Greene avers that the acts and conduct of Tammy Swiney in violation of the Lease Agreement constitute comparative fault.

21.     In addition to the breach of the Lease Agreement by Tammy Swiney as described above, Tammy Swiney and/or her employees for whose conduct she is responsible pursuant to the doctrine of *respondeat superior* were guilty of the

7

following acts of negligence which caused the fire damage which is the subject of this litigation: operated a deep fat fryer which was not beneath an automatic fire suppression system; overfilled the deep fat fryer with cooking oil or grease; turned the deep fat fryer to the highest temperature setting; and left the deep fat fryer unattended until the same started the fire which caused the damage which is the subject of this litigation.

22. In addition, Greene avers that the Plaintiff, Angela Miser, is guilty of comparative negligence which caused or contributed to cause the fire which is the subject of this litigation and the denial of payment for the damages caused by the fire by the casualty insurance carrier. These acts of negligence include: failing to locate the deep fat fryer that was the cause of the fire underneath an automatic fire suppression system; failing to advise Greene and/or the insurance carrier, Ace European Group, that she was no longer operating the restaurant known as "Cookie's" but had leased the restaurant to Tammy Swiney who had far less experience in operating a restaurant than the plaintiff; failing to properly instruct and/or train Tammy Swiney the operator of the restaurant about the proper use of the deep fat fryer and appropriate safety precautions and failing to ascertain the careless and negligent manner in which the deep fat fryer was being used by Tammy Swiney and her employees.

Greene further avers that the Plaintiff, Angela Miser, was negligent by

8

failing to review the insurance policy issued by Ace European Group to the extent necessary to discover the provisions of the policy stating that all cooking surfaces must be beneath automatic fire suppression equipment. Moreover, Angela Miser never inquired of Ace European Group or Greene as to whether insurance coverage would remain in effect for fire losses caused by cooking surfaces which were not placed underneath an automatic fire suppression system. Further, Angela Miser did not take appropriate action or make reasonable inquiry to determine that her restaurant premises were not in violation of the applicable insurance policy provisions.

23.     Greene avers that the negligence of Angela Miser exceeds fifty percent of the fault resulting in the failure of the insurance carrier to pay for the damage and loss to the insured premises and contents thereof. Accordingly, she is barred from any recovery as against Greene.

24.     In the further alternative, the conduct of Tammy Swiney and/or her employees was the sole cause in fact for the fire, the alleged invalidation of the insurance policy and the denial of payment by Ace European Group, therefore, relieving Greene from any liability in this matter.

25.     Alternatively, in the event that Plaintiff, Angela Miser, is entitled to any recovery as against Greene, the amount of such recovery must be diminished by the sum of the percentage of her own negligence and the percentage of

9

comparative fault/negligence of Tammy Swiney, the Lessee.

26.     By way of further affirmative defense, Greene avers that the Plaintiff, Angela Miser, has failed to mitigate damages due to the fire damage to her building, contents, equipment, inventory and personal property and that in the event she is entitled to any recovery, that such recovery should be accordingly reduced.  The plaintiff disposed of the entire contents of the building without any attempt to repair or salvage the same.  The plaintiff gave no notice to Greene of her intent to dispose of the contents and plaintiff's conduct increased the amount of loss cause by the fire.

WHEREFORE, this defendant denies liability to the plaintiff in any amount, denies that the plaintiff is entitled to a judgment against him in any amount or for an additional amount equal to Twenty-Five Percent (25%) of the amount of the face value of the policy or for interest and costs.  This defendant prays that this suit be dismissed against him with the costs of the same to be taxed against the plaintiff and further prays that he be awarded such discretionary expenses as are proper pursuant to Rule 54.04 of the Tennessee Rules of Civil Procedure.

10

Respectfully submitted,

ARNETT, DRAPER & HAGOOD

By: _____
Thomas M. Cole, BPR #001053
Attorneys for Defendant Randy Greene,
d/b/a Greene Insurance Agency

ARNETT, DRAPER & HAGOOD
P.O. Box 300
Knoxville, TN 37901-0300
(865) 546-7000 – Phone
(865) 546-0423 – Fax

11

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of December , 2012, a true and exact copy of the **Second Amended Answer of Randy Greene, d/b/a Greene Insurance Agency** was served by delivery of the same to the offices of said parties or parties' counsel, or by mailing the same to said offices by United States Mail, with sufficient postage thereon to carry the same to its destination:

> Creed A. Daniel, Esq.
> Dirk A. Daniel, Esq.
> Daniel & Daniel
> P.O. Box 6
> Rutledge, TN 37861
>
> Nanette L. Wesley, Esq.
> Cozen, O'Connor
> Suite 2200 Suntrust Plaza
> 303 Peachtree Street, N.E.
> Atlanta, GA 30308-3264
>
> Renee Levay Stewart, Esq.
> North, Pursell, Ramos & Jameson, PLC
> 414 Union Street
> Bank of America Plaza, Suite 1850
> Nashville, TN 37219

This the 6th day of December, 2012.

> ARNETT, DRAPER & HAGOOD
>
> By _____
> Thomas M. Cole

12

## IN THE CIRCUIT COURT OF HANCOCK COUNTY, TENNESSEE

| | | |
|---|---|---|
| ANGELA MISER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. C3195 |
| | ) | |
| ACE EUROPEAN GROUP LIMITED, | ) | |
| TAPCO UNDERWRITERS, INC., | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| RANDY GREENE, d/b/a | ) | |
| GREENE INSURANCE AGENCY, | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED ANSWER OF RANDY GREENE, D/B/A GREENE INSURANCE AGENCY

Randy Greene, d/b/a Greene Insurance Agency, ("Randy Greene"), for answer to the portions of the Complaint directed against him says:

1.     Upon information and belief it is admitted that Angela Miser was the owner of "Cookie's" This defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 1 of the Complaint.

2.     The averments of Paragraph 2 of the Complaint are not directed against this defendant.

3.     The averments of Paragraph 3 of the Complaint are admitted.

4.     The averments of Paragraph 4 of the Complaint are denied.

5.     In response to the averments of <u>Paragraph 5</u> of the Complaint, this defendant, upon information and belief, admits that the subject building and restaurant was damaged by fire and that this defendant became aware of the fire and the fact that plaintiff's building was damaged. It is denied that the fire occurred on December 8, 2009. This defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of <u>Paragraph 5</u>, including the averment that the building and restaurant was destroyed by fire.

6.     In response to the averments of <u>Paragraph 6</u> it is admitted that Randy Greene was aware of the use of the premises but only for approximately four years prior to the fire resulting in damage to the building. The remaining averments of <u>Paragraph 6</u> are denied.

7.     Upon information and belief Randy Greene admits that the defendant insurance company has not paid for the losses claimed by plaintiff due to the fire of December 8, 2009, but Randy Greene is without knowledge or information sufficient to form a belief as to the truth of the averment that plaintiff has performed all conditions precedent to her right of recovery. For further answer to <u>Paragraph 7</u>, Randy Greene says that neither he nor any member of his agency was involved in denying plaintiff's claim due to the fire loss which is the subject of this litigation, nor was Randy Greene or any member of his agency consulted or involved in any way directly or indirectly in influencing a decision to deny the claim or giving advice to any person or entity involved in making a decision regarding payment. Randy

2

Greene is not an insurance company; did not insure the building which was damaged by fire; and has no duty to pay for the loss that is the subject of this litigation.

8. In response to the averments of Paragraph 8, Randy Greene incorporates as fully and completely as if copied verbatim herein his response contained in Paragraph 7 herein above. In addition, Randy Greene says that he is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 8 because neither he nor any individual in his agency was involved in adjusting or making any decisions regarding the claim for the loss that is the subject of this litigation. Further, Randy Greene says that a claim for failure to pay in bad faith is not available against him or his agency, but is only available as against an insurance company.

9. In response to the averments of Paragraph 9 of the Complaint, this defendant says that the building which is the subject of this lawsuit was insured in the amount of $70,000.00 with additional coverage of $30,000.00 for business personal property and an additional $12,000.00 coverage for business income. All averments of Paragraph 9 of the Complaint inconsistent with this Answer are denied.

10. In response to the averments of Paragraph 10 of the Complaint, Randy Greene denies that he is liable to plaintiff in any amount whatever.

3

11. _Paragraph 11_ of the Complaint states a legal conclusion and no response from this defendant is required except to say that Rule 15 of the Tennessee Rules of Civil Procedure governs the rights of plaintiff to amend her Complaint.

12. Randy Greene hereby denies each and every averment of the Complaint that is not expressly addressed above as fully and completely as if separately and explicitly denied.

## AFFIRMATIVE DEFENSES

13. The Complaint fails to state a claim against this defendant for which relief may be granted.

14. This defendant is not a proper party to this suit.

15. Randy Greene, d/b/a Greene Insurance Agency is not the insurance company providing coverage for the property which suffered damage by fire. The insurance policy providing casualty coverage for the subject property, "Cookie's", was obtained by Tapco. The insurer with whom Tapco placed the subject coverage is Ace European Group Limited. This defendant is unable to write or bind coverage with Ace European Group Limited and must submit applications for insurance coverage with such a company to an insurance broker or underwriter such as Tapco Underwriters, Inc. This defendant did not select the insurer, bind the coverage, investigate the fire loss, deny payment for the fire loss, or participate in any way whatsoever in any decision to deny payment to plaintiff for the damage to the subject building due to the fire. Accordingly, in the event that there has been a

4

wrongful failure to pay the plaintiff or a wrongful denial of plaintiff's claim due to the subject fire loss, this defendant played no role in the wrongful failure to pay or denial of the claim. Instead, either Tapco or the insurer, Ace European Group, Limited are responsible for any wrongful failure to pay or denial of the subject claim.

16.    This defendant denies that T.C.A. § 56-7-105 applies to him and further denies that any demand as required by T.C.A. § 56-7-105(a) has been made upon him. Such a written demand is a condition precedent to recovery under said statute.

17.    Alternatively, in the event that it is held that Randy Greene is a proper party defendant to this action, Randy Greene relies upon all defenses available pursuant to that policy of insurance issued to cover the subject property, Policy Number TEG002737, Contract Number 3304642008.

18.    Upon information it is believed that the denial of payment by the insurer was due to the plaintiff's failure to comply with the policy provisions. In the event that this defendant is determined to be properly subject to this suit, this defendant relies upon any breach of warranties or conditions of the applicable insurance policy as a defense, including but not limited to warranties or conditions regarding use of an automatic fire suppression system.

19.    This defendant reserves the right to amend this Answer to correct any inaccuracies and to add any defenses that are unknown to this defendant at this time. This defendant has not been involved in investigation or any decisions

5

regarding the claimed loss and knows little about the dealings between plaintiff, the insurance company and Tapco.

20.   In addition, Greene hereby pleads the doctrine of sole cause in fact and comparative fault as affirmative defenses. In support of these defenses Greene avers that on October 31, 2008, the plaintiff, Angela Miser, entered into a Lease Agreement with Option to Purchase with Tammy G. Swiney.  Pursuant to said agreement Tammy G. Swiney leased the building which is the subject of this suit and thereafter began operating the restaurant known as "Cookie's" in said premises.  In pertinent part the written lease between the plaintiff Angela Miser and Tammy Swiney stated as follows:

> The leasee shall, at their expense, obtain and keep in force during the term of this lease, a fire or casualty insurance policy on the leased premises.  The lessee shall not use or permit upon the Leased Premises anything that will invalidate any insurance policy now or hereafter in effect on the Leased Premises.

Tammy Swiney did not obtain and keep in force a fire casualty insurance policy as provided in the Lease Agreement.  Moreover, Tammy Swiney personally, or through her employees for whom she is responsible pursuant to the doctrine of *respondeat superior*, operated a deep fat fryer which was not underneath an automatic fire suppression system.  This conduct on the part of Tammy Swiney and/or her employees and agents, according to defendant Ace European Group, invalidated the policy of fire insurance purchased by Angela Miser and was solely and directly the

6

cause of Ace European Group's refusal to pay for the fire loss which is the subject of this litigation. As such, the conduct of Tammy Swiney and/or her employees for whom she is responsible was in violation of the Lease Agreement and was the sole cause in fact of the fire and the refusal of the insurer to pay for the fire damage. Alternatively, Greene avers that the acts and conduct of Tammy Swiney in violation of the Lease Agreement constitute comparative fault.

21.    In addition to the breach of the Lease Agreement by Tammy Swiney as described above, Tammy Swiney and/or her employees for whose conduct she is responsible pursuant to the doctrine of *respondeat superior* were guilty of the following acts of negligence which caused the fire damage which is the subject of this litigation: operated a deep fat fryer which was not beneath an automatic fire suppression system; overfilled the deep fat fryer with cooking oil or grease; turned the deep fat fryer to the highest temperature setting; and left the deep fat fryer unattended until the same started the fire which caused the damage which is the subject of this litigation.

22.    In addition, Greene avers that the plaintiff, Angela Miser, is guilty of comparative negligence which caused or contributed to cause the fire which is the subject of this litigation and the denial of payment for the damages caused by the fire by the casualty insurance carrier. These acts of negligence include: failing to locate the deep fat fryer that was the cause of the fire underneath an automatic fire suppression system; failing to advise Greene and/or the insurance carrier, Ace

7

European Group, that she was no longer operating the restaurant known as "Cookie's" but had leased the restaurant to Tammy Swiney who had far less experience in operating a restaurant than the plaintiff; failing to properly instruct and/or train Tammy Swiney the operator of the restaurant about the proper use of the deep fat fryer and appropriate safety precautions and failing to ascertain the careless and negligent manner in which the deep fat fryer was being used by Tammy Swiney and her employees.

Greene further avers that the plaintiff, Angela Miser, was negligent by failing to review the insurance policy issued by Ace European Group to the extent necessary to discover the provisions of the policy stating that all cooking surfaces must be beneath automatic fire suppression equipment. Moreover, Angela Miser never inquired of Ace European Group or Greene as to whether insurance coverage would remain in effect for fire losses caused by cooking surfaces which were not placed underneath an automatic fire suppression system. Further, Angela Miser did not take appropriate action or make reasonable inquiry to determine that her restaurant premises were not in violation of the applicable insurance policy provisions.

23.     Further, the conduct of Angela Miser and her leasee, Tammy Swiney constituted negligence per se in that such conduct violated rules of the Tennessee state fire marshal as set forth at Rule 0780-2-14-.02 which adopted at subsection (1)(g) *Standard for the installation of equipment for the removal of smoke and grease laden*

8

*vapors from commercial cooking equipment* established by the National Fire Protection Association (NFPA 96-1984), which rule was adopted pursuant to the authority of Tenn. Code Ann. §68-102-113. The rule adopted by the state fire marshal required deep fat fryers used in commercial cooking operations to be covered by ventilation equipment that was protected by a fire extinguishing system. The deep fat fryer which caused the fire which is the subject of this litigation was completely uncovered by any ventilation or fire extinguishing or fire suppression equipment. Both the plaintiff, Angela Miser, and her Leasee, Tammy Swiney, as operators of a commercial cooking establishment knew, or in the exercise of reasonable care should have known, of the necessity of a deep fat fryer being protected by proper ventilation and fire extinguishing and suppression equipment as a matter of state law and as a standard of care for protection of the property and the safety of all persons who might be present in the restaurant during its operation. The violation of the statute, rule and standards cited within this paragraph was in violation of the requirements of the policy of property insurance issued by the defendant Ace European Group, and placed the restaurant property and the lives of all employees and customers of the restaurant at grave risk without the knowledge of Greene. The operation of the deep fat fryer without proper ventilation and fire protection also constitutes gross negligence which outweighs any alleged negligence of Greene and bars the plaintiff from recovery against Greene.

9

24.    In the further alternative, the conduct of Tammy Swiney and/or her employees was the sole cause in fact for the fire, the alleged invalidation of the insurance policy and the denial of payment by Ace European Group, therefore, relieving Greene from any liability in this matter.

25.    Greene avers that the negligence of Angela Miser exceeds fifty percent of the fault resulting in the failure of the insurance carrier to pay for the damage and loss to the insured premises and contents thereof. Accordingly, she is barred from any recovery as against Greene.

26.    Alternatively, in the event that plaintiff, Angela Miser, is entitled to any recovery as against Greene, the amount of such recovery must be diminished by the sum of the percentage of her own negligence and the percentage of comparative fault/negligence of Tammy Swiney, the leasee.

27.    The plaintiff's conduct in disposing of the contents, equipment, inventory and personal property contained in her restaurant and allegedly damaged by fire, without notice to Greene, constitutes destruction of evidence and spoilation. Greene was denied the opportunity by plaintiff's conduct of examining and assessing the damage, if any, to the contents, equipment, inventory and personal property for which plaintiff is making a claim for damages. Consequently, the plaintiff should be barred from any recovery against Greene due to any loss of

10

contents, equipment, inventory and personal property contained in the restaurant building destroyed by fire irrespective of the outcome of any other claims or defenses asserted in this proceeding.

28.    By way of further affirmative defense, Greene avers that the plaintiff, Angela Miser, has failed to mitigate damages due to the fire damage to her building, contents, equipment, inventory and personal property and that in the event she is entitled to any recovery, that such recovery should be accordingly reduced. The plaintiff disposed of the entire contents of the building without any attempt to repair or salvage the same. The plaintiff gave no notice to Greene of her intent to dispose of the contents and plaintiff's conduct increased the amount of loss cause by the fire.

29.    Plaintiff's suit against Randy Greene is barred by Tenn. Code Ann. §29-2-101(a)(2) which bars actions against any person for a promise to be responsible for the debt or obligation of another person absent a writing signed by the party to be charged, that is, Greene.

WHEREFORE, this defendant denies liability to the plaintiff in any amount, denies that the plaintiff is entitled to a judgment against him in any amount or for an additional amount equal to Twenty-Five Percent (25%) of the amount of the face value of the policy or for interest and costs. This defendant prays that this suit be dismissed against him with the costs of the same to be taxed against the plaintiff and

11

further prays that he be awarded such discretionary expenses as are proper pursuant to Rule 54.04 of the Tennessee Rules of Civil Procedure. Alternatively, in the event that it is determined that plaintiff is entitled to any recovery against this defendant, this defendant prays that the doctrines of comparative fault and comparative negligence be properly applied so as to reduce the amount of recovery owed by this defendant to the plaintiff.

Respectfully submitted,

ARNETT, DRAPER & HAGOOD

By: _____
Thomas M. Cole, BPR #001053
Attorneys for Defendant Randy Greene,
d/b/a Greene Insurance Agency

ARNETT, DRAPER & HAGOOD
P.O. Box 300
Knoxville, TN 37901-0300
(865) 546-7000 - Phone
(865) 546-0423 - Fax

12

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of August, 2013, a true and exact copy of the **Second Amended Answer of Randy Greene, d/b/a Greene Insurance Agency** was served by delivery of the same to the offices of said parties or parties' counsel, or by mailing the same to said offices by United States Mail, with sufficient postage thereon to carry the same to its destination:

> Creed A. Daniel, Esq.
> Dirk A. Daniel, Esq.
> Daniel & Daniel
> P.O. Box 6
> Rutledge, TN 37861
>
> Nanette L. Wesley, Esq.
> Skedsvold, White & Wesley, LLC
> 1050 Crown Pointe Parkway, Suite 710
> Atlanta, GA 30338
>
> Renee Levay Stewart, Esq.
> North, Pursell, Ramos & Jameson, PLC
> 414 Union Street
> Bank of America Plaza, Suite 1850
> Nashville, TN 37219

This the 30th day of August, 2013.

ARNETT, DRAPER & HAGOOD

By _____
Thomas M. Cole

13

# IN THE CIRCUIT COURT OF HANCOCK COUNTY, TENNESSEE

ANGELA MISER,                          )
                                       )
    Plaintiff,       )
                                       )
v.                                     )          No. C3195
                                       )
ACE EUROPEAN GROUP LIMITED,            )
TAPCO UNDERWRITERS, INC.,              )
                                       )          FILED
AND                                    )          RECEIVED
                                       )
                                       )          OCT. 1 8 2013
RANDY GREENE, d/b/a                    )          BY _Bill McMurry_
GREENE INSURANCE AGENCY,               )          CIRCUIT SESSIONS, CRIMINAL
                                       )          JUVENILE COURT CLERK
    Defendants.      )

## ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF RANDY GREENE, d/b/a GREENE INSURANCE AGENCY WITH EXPRESS DIRECTION FOR ENTRY OF FINAL JUDGMENT

This matter came before the Court for hearing on September 26, 2013 upon the Amended Motion for Summary Judgment and entry of Final Judgment in favor of Randy Greene, d/b/a Greene Insurance Agency, the affidavits and amended affidavits filed in support thereof, the Amended Statement of Material Facts in support of Motion for Summary Judgment, the Memorandum in Support of Summary Judgment and Amended Memorandum in Support of Motion for Summary Judgment, the Complaint and Amended Complaint, the Plaintiff's Response to Statement of Undisputed Facts, the Plaintiff's Memorandum Supporting Denial of Summary Judgment, the Plaintiff's Response to Motion for Summary Judgment, the defendant Randy Greene's Reply to Plaintiff's Statement

of Undisputed Facts, the Reply of Randy Greene to Plaintiff's Response and Memorandum Opposing Amended Motion for Summary Judgment, together with exhibits and addendums thereto, Randy Greene's Supplement to Reply to Plaintiff's Response and Memorandum, argument of counsel, and the record as a whole.

After due consideration the Court finds that the Complaint and Amended Complaint do not allege any acts, conduct or omissions on the part of Randy Greene, d/b/a Greene Insurance Agency or other employees or agents in said insurance agency that state a cause of action against Greene. It is further found that Greene is not liable for any alleged obligations of the insurer under the policy of insurance which is a subject of this litigation. Therefore, the Court further finds, pursuant to Rule 56 of the Tennessee Rules of Civil Procedure, that no genuine issue of material fact exists with respect to the grounds supporting the amended motion for summary judgment and that Randy Greene is entitled to a judgment dismissing this suit against him as a matter of law. This Court further expressly finds and determines, in accordance with Rule 54.02 of the Tennessee Rules of Civil Procedure, that there is no just reason for delay in rendering a final judgment with respect to the order granting Greene's amended motion for summary judgment. Therefore, it is expressly directed that this Order be entered as a final judgment dismissing the suit against Randy Greene in accordance with Tennessee Rule of Civil Procedure 54.02.

2

IT IS, ACCORDINGLY, ORDERED, ADJUDGED AND EXPRESSLY DIRECTED THAT:

1. The Amended Motion for Summary Judgment filed on behalf of Randy Greene d/b/a Greene Insurance Agency is hereby granted, and the Amended Complaint and claims of Angela Miser against Greene are hereby dismissed with full prejudice to the rebringing;

2. In accordance with Rule 54.02 of the Tennessee Rules of Civil Procedure, the above findings, the determination that there is no just reason for delay, and the express directive of this Court, this Order is hereby entered as a final judgment dismissing the suit brought in this proceeding against the defendant, Randy Greene, d/b/a Greene Insurance Agency.

3. The costs of this action are to be taxed in accordance with later Orders of this Court.

ENTERED pursuant to Rule 58 of the Tennessee Rules of Civil Procedure this 29 day of _____Oct_____, 2013.

_____
Honorable Thomas Wright
Circuit Court Judge

3

APPROVED FOR ENTRY:

ARNETT, DRAPER & HAGOOD

By: _____
Thomas M. Cole, BPR #001053
Attorneys for Defendant Randy Greene,
d/b/a Greene Insurance Agency
P.O. Box 300
Knoxville, TN 37901-0300
(865) 546-7000

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above Order has been served on all other parties through their counsel via first class U.S. Mail at the addresses shown below.

Creed A. Daniel, Esq.
Dirk A. Daniel, Esq.
Daniel & Daniel
P.O. Box 6
Rutledge, TN 37861

Nanette L. Wesley, Esq.
Skedsvold, White & Wesley, LLC
1050 Crown Pointe Parkway, Suite 710
Atlanta, GA 30338

This the 10th day of October, 2013.

ARNETT, DRAPER & HAGOOD

By: _____
Thomas M. Cole, BPR No. 001053

5