# IN THE CIRCUIT COURT
# OF HANCOCK COUNTY TENNESSEE

| | |
|---|---|
| ANGELA MISER, | ) |
|     Plaintiff, | ) |
| v. | ) |
| | ) CIVIL ACTION NO.: C3195 |
| ACE EUROPEAN GROUP LIMITED, TAPCO UNDERWRITERS INC., AND RANDY GREENE, d/b/a GREENE INSURANCE AGENCY, | ) ) ) ) ) |
|     Defendants. | ) |

## ACE EUROPEAN GROUP LIMITED'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, ACE European Group Limited ("ACE"), and files this, its Answer to Plaintiff's Amended Petition, respectfully showing the Court as follows:

1.

ACE is without sufficient information to admit or deny the allegations set forth in Paragraph No. 1 and therefore denies same. On information and belief, Plaintiff did not own or operate Cookie's.

2.

ACE denies the allegations set forth in Paragraph No. 2 as stated, except Ace European Group Limited may be served through the Commissioner of Insurance. ACE denies the remaining allegations set forth in Paragraph No. 2.

3.

ACE is without sufficient information to admit or deny the allegations set forth in Paragraph No. 3 and therefore denies same.

4.

ACE is without sufficient information to admit or deny the allegations set forth in Paragraph No. 4 and therefore denies same.

5.

ACE denies the allegations set forth in Paragraph No. 5 as stated, and further asserts that the policy at issue is Policy No. TEG002737, effective July 16, 2008 through July 16, 2009, covering Plaintiff's Sneedville, Tennessee restaurant, Cookie's for certain losses subject to the policy ("Policy"). ACE denies that it liable to Plaintiff in any way. ACE denies the remaining allegations set forth in Paragraph No. 5 and states that the Policy speaks for itself.

6.

ACE states that a portion of the allegations in Paragraph No. 6 call for a legal conclusion to which no response is required. To the extent a response may be required, ACE admits that the restaurant at issue sustained a fire loss on December 8, 2009. ACE denies the remaining allegations set forth in Paragraph No. 6 and further denies that it is liable to Plaintiff in any way.

7.

ACE admits that Defendant Greene Insurance Agency is the retail agent associated with the fire loss at issue. ACE admits that it is an insurer of the property at issue for the July 16, 2008 through July 16, 2009 policy period. ACE further denies that it is liable to Plaintiff in any way. ACE is without sufficient information to admit or deny the remainder of the allegations set forth in Paragraph No. 7, including but not limited to those allegations as they may relate to defendants other than ACE, and therefore denies same.

8.

The allegations set forth in Paragraph No. 8 call for a legal conclusion to which no response is required. To the extent a response may be required, ACE denies the allegations set forth in Paragraph No. 8.

9.

The allegations set forth in Paragraph No. 9 call for a legal conclusion to which no response is required. To the extent a response may be required, ACE denies the allegations set forth in Paragraph No. 9.

10.

ACE denies the allegations set forth in Paragraph No. 10. By way of further explanation, the Policy contains the following limits: $70,000 (Building); $30,000 (Business Personal Property); and $12,000 (Loss of Income) subject to the Policy's terms, provisions, conditions, and limitations. The Policy speaks for itself.

11.

ACE denies the allegations set forth in Paragraph No. 11.

12.
*(Plaintiff misnumbered his Amended Complaint and there are two Paragraph Nos. 11. To avoid confusion, ACE renumbers the second Paragraph No. 11 as No. 12.)*

ACE denies any liability to Plaintiff.

13.

In response to Plaintiff's unnumbered WHEREFORE paragraph, ACE denies that it is liable to Plaintiff in any way and further denies that Plaintiff is entitled to any relief whatsoever.

14.

Any allegation not heretofore admitted or denied is denied.

3

15.

ACE prays that the Court dismiss the claims against ACE and grant any other further relief the Court deems appropriate.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim for which relief can be granted. Therefore, the Amended Complaint should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

This lawsuit is barred by the Policy's two year limitation period, which states in part:

No one may bring a legal action against us under this Coverage Part unless…The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff did not meet conditions precedent or subsequent as required under the Policy, including but not limited to those set forth in the Policy's Protective Safeguards Endorsement, providing in relevant part as follows:

> In consideration of the terms and conditions of this policy, it is hereby warranted that an approved, automatic, fire suppression system **shall** be maintained over **all** cooking surfaces, at all times for the term of this policy. **Failure to maintain such a fire suppression system will result in suspension of coverage under this policy** until such time as compliance with the above condition is resumed. All other terms and conditions remain unchanged.

\*\*\*

**PROTECTIVE SAFEGUARDS**
a. **As a condition of this insurance, you are required to maintain the protective devices or services listed in the Schedule above.**

4

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's loss is the responsibility of a third-party lessee and tenant at the property at issue in this litigation, unrelated to ACE.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's bad faith claim is barred as a matter of law, as Plaintiff never made a proper pre-suit demand required for bad faith recovery under T.C.A. § 56-7-105.

## SIXTH AFFIRMATIVE DEFENSE

There is no joint or several liability under applicable law, and, therefore, ACE can not be held jointly or severally liable.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited to the extent her claims are not compliant with the Coinsurance requirements of the Policy.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff did not meet conditions precedent or subsequent as required under the Policy.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent she failed to mitigate her own damages, failed to give proper notice of the loss, and failed to cooperate.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by waiver and estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

ACE reserves the right to assert additional Affirmative Defenses based upon the facts as they are developed or disclosed during the course of the investigation and discovery.

Respectfully submitted, this 10th day of October 2011.

_Nanette L. Wesley by perm./RLS_  
Nanette L. Wesley, Esquire  
Tennessee Bar No. 19197  
**COZEN O'CONNOR**  
Sun Trust Plaza  
303 Peachtree Street N.E.  
Suite 2200  
Atlanta, GA 30308  
(404) 572-2000 (phone)  
(404) 572-2199 (fax)  
Email: nwesley@cozen.com  

_/s/ Renee_  
Renée Levay Stewart  
Tennessee Bar No. 018768  
**NORTH, PURSELL, RAMOS & JAMESON, PLC**  
414 Union Street  
Bank of America Plaza, Suite 1850  
Nashville, TN 37219  
(615) 255-2555  
(615) 255-0032 (fax)  
Email: rlstewart@nprjlaw.com  

*Attorneys for Tapco Underwriters Inc. and ACE European Group Limited*

IN THE CIRCUIT COURT
OF HANCOCK COUNTY TENNESSEE

| | |
|---|---|
| ANGELA MISER, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) CIVIL ACTION NO.: C3195 |
| ACE EUROPEAN GROUP LIMITED, TAPCO UNDERWRITERS INC., AND RANDY GREENE, d/b/a GREENE INSURANCE AGENCY, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed and served counsel for all parties in this action with a copy of the foregoing **ANSWER OF DEFENDANTS ACE EUROPEAN GROUP LIMITED'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** by facsimile and by overnight delivery, properly addressed as follows:

**Counsel for Plaintiff Angela Miser:**
Creed A. Daniel, Esq.
Daniel & Daniel
P.O. Box 6
Rutledge, TN 37861

This 10th day of October 2011.

**Counsel for Defendant Randy Greene, d/b/a Green Insurance Agency**
Thomas M. Cole, Esq.
Arnett, Draper and Hagood
Suite 2300, First Tennessee Plaza
P.O. Box 300
Knoxville, TN 37929-2300

Nanette L. Wesley by pm/RLS
Nanette L. Wesley, Esquire
Tennessee Bar No. 19197
**COZEN O'CONNOR**
Sun Trust Plaza
303 Peachtree Street N.E., Suite 2200
Atlanta, GA 30308
(404) 572-2000 (phone)
(404) 572-2199 (fax)
Email: nwesley@cozen.com
*Attorney for ACE European Group Limited and Tapco Underwriters, Inc.*

7

```
** Transmit Confirmation Report **
```

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 14236367506 | Normal | 10, 03:04pm | 1'04" | 8 | # O K | |



### TENNESSEE COURTS
### UNIFORM FACSIMILE FILING COVER SHEET

TO (COURT CLERK): Hancock County Circuit Court

WITH (COURT): Hon. Thomas J. Wright

CLERK'S FAX NUMBER: (423) 733-2119

CASE NAME: Miser v. Ace European Group, Ltd., et al.

DOCKET NUMBER: C3195

TITLE OF DOCUMENT: Answer of Ace European Group, Ltd

FROM (SENDER): Jeff Williams/Renee Stewart

SENDER'S ADDRESS: 414 Union Street, Suite 1850, Nashville, TN 37219

SENDER'S VOICE TELEPHONE NUMBER: (615) 255-2555

SENDER'S FAX TELEPHONE NUMBER: (615) 255-0032

DATE: 10-10-11   TOTAL PAGES, INCLUDING COVER PAGE: 8

FILING INSTRUCTIONS/COMMENTS (attach additional sheet if necessary):

    Unless authorized by the Court, a facsimile transmission exceeding ten (10) pages, including the cover page, shall not be filed by the clerk.

CC: Hon. Thomas J. Wright (via facsimile: 423-636-7506)